## ENOCH JONES *v.* JAMES SMITH.

The filing of a judgment creditor's bill, without answer or the appointment of a receiver, creates no lien upon the debtor's property; and complainant, upon defendant's decease in such case, loses his right to prosecute the suit.

THIS was a petition under the statute to revive a judgment creditor's suit against the personal representatives of the deceased debtor.

The petition stated the filing of a judgment creditor's bill against James Smith, jun., in his lifetime, the service of a subpoena on Smith, and his death before any further proceedings were had; and that Joseph Addison Smith had been appointed administrator. It prayed a revival of the suit against the administrator, and that he might be required to answer the bill, and be decreed to pay petitioner's debt out of the assets in his hands, in preference to the other creditors of the deceased.

*Balch,* for petitioner.

THE CHANCELLOR. If Smith had died between the return of the execution and the filing of the bill, the complainant could not have filed his bill against the administrator. Is this, then, one of those cases that may be revived against the personal representatives of a deceased defendant? I think not, under the circumstances of the case.

The statute does not make the filing of the bill a lien on the property of the debtor. It authorizes the Court to decree a satisfaction of the amount remaining due on the judgment, out of any personal property, money, or thing in action, belonging to the debtor; and arms the Court

with power to compel a discovery of the debtor's property, and to prevent his transferring it. The statute goes no further, but, by a law of the Court, the creditor who first files his bill, by his diligence, acquires a right to have his debt paid out of the *choses in action* belonging to the debtor, before other creditors are paid who are less vigilant.

This preference, or priority of payment among creditors, is sometimes called a lien in the books. But there is not much resemblance between it and a lien, before the specific property out of which the creditor is to be paid has been ascertained by the answer of the debtor, or transferred to a receiver in the suit. Until then there is nothing specific for the lien to attach. Here no answer was filed, nor was any receiver appointed in the lifetime of Smith; and, unless the filing of the bill, without further proceedings, created a lien on such property as Smith might have had at the time, which I am of opinion it did not, the petitioner, by the demise of Smith, has lost his right to prosecute his proceedings further. The suit had not progressed so far as to create a lien; and the administrator stands in the same relation to petitioner as if no bill had been filed against his intestate.

Prayer of petition denied.